940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
Lucinda BOYD, James Luckey, Defendants-Appellees.
 No. 91-1190.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Lewis E. Williams, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams is an inmate at the State Prison of Southern Michigan. Seeking monetary, declaratory and injunctive relief, Williams sued the defendant prison librarians alleging that they violated his right to access to the courts when they denied him access to the law library on February 28, 1989, during the month of March 1989, and again on September 23 and 24, 1989.
 
 
 3
 Defendants filed a motion for summary judgment and Williams responded. The magistrate recommended the complaint be dismissed because the February 28, 1989 incident was a single, isolated occurrence that did not rise to the level of a constitutional violation; that the allegations regarding his numerous requests for library time in March 1989 were without reference to specific requests and supporting documents; and that the allegations concerning September 23 and 24, 1989, lacked specificity. The magistrate also found that in any event Williams had not been harmed by the alleged denial. The district court adopted the magistrate's recommendation after reviewing Williams's objections. On appeal, Williams reasserts his claims and requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment. In support of their motion for summary judgment, defendant Boyd submitted an affidavit stating that Williams's request for call-out on February 28, 1989, was inadvertently not processed; and that in September 1989, she submitted a request that Williams be placed on repeat call-out. This request was granted in November 1989. Williams filed a response and an affidavit controverting the allegations of defendant's motion. Although we conclude that Williams's response created a dispute as to whether he was denied access to the law library, we also conclude that Williams was not denied access to the courts because he has not shown that he was prejudiced by his inability to use the law library. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Williams only stated that he could have suffered harm in a habeas case pending before this court. Williams was also not prejudiced in a state court proceeding when he voluntarily dismissed his action without prejudice because the defendant prison officials had provided the medical services that were the subject of the litigation.
 
 
 5
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.